## SUPREME COURT.

ANSON BLAKE agt. SARAH F. JAMES and EDWARD D. JAMES.

In an action commenced in a justice's court, and a plea of title interposed by the defendant, upon which the action is discontinued, and an action for the same cause commenced in this court, and the plaintiff succeeds upon one cause of action only, and that recovery is less than $50, and fails as to the others, upon which the defendant succeeds, the *plaintiff* must still be allowed *costs* (*Code,* § 61,) where there is *no certificate* of the court that *title to real property* came in question on the trial.

*Kings Special Term, March,* 1860.

MOTION on the part of the defendants for allowance of costs to them, and for disallowance of costs to the plaintiff, &c.

LOTT, Justice. It appears by the judgment roll in this action that the action was originally commenced in one of the district courts of the city of New York, where the plea of title was interposed, and thereupon, upon the compliance by the defendants with the requirements of law, the action was discontinued, and commenced in the supreme court. The plaintiff succeeded on one cause of action against the defendant, Edward D. James, and failed against him as to the other, and failed entirely as against the defendant, Sarah F. James. The recovery on the cause of action as to which the plaintiff succeeded was less than fifty dollars. Judgment was entered by the clerk in favor of the plaintiff, for his costs against the defendant Edward D. James, and he declined to allow costs to the defendant Sarah F. James.

In this, he acted correctly. The rule as to costs in such cases is prescribed by § 61 of the Code, and not by the general provisions of law applicable to costs. It is by that section, expressly provided that "if judgment in the supreme court be for the plaintiff, he shall recover costs, and if it be for the defendant, he shall recover costs, except that upon a verdict he shall pay costs to the plaintiff, unless the judge certify that the title to real property came in question on the trial." In this case there was a verdict, and no such certificate was given by the judge. The clerk therefore was authorized to allow costs to the plaintiff, not only against the defendant Edward D. James, but against the other defendant also. (*See Howard's Code,* §§ 55 *to* 61, *and* § 68.) There is consequently no ground of complaint, and the adjustment of costs, as made by the clerk, is sustained, and the defendant's motion is denied, with $10 costs.